UNITED STATES DISTRICT COURT  
DISTRICT OF SOUTH CAROLINA

RECEIVED  
USDC CLERK, CHARLESTON, SC  
2007 MAR 28  A 9: 28

| | | |
|---|---|---|
| Kenneth M. Lewis, #103359, | ) | C/A No. 9:07-458-TLW-GCK |
| Petitioner, | ) | |
| vs. | ) | Report and Recommendation |
| Warden Stan Burtt, | ) | |
| Respondent. | ) | |



Petitioner has filed this matter pursuant to 28 U.S.C. § 2254. He is attacking a 2004 New Jersey conviction and sentence. Petitioner is currently in the custody of the South Carolina Department of Corrections. In 1980, petitioner received a life sentence for a[n undisclosed][1] South Carolina conviction and sentence. He was paroled in the year 2000. Three years later he was charged, and ultimately convicted, in New Jersey. Petitioner filed a direct appeal with the New Jersey Supreme Court which was denied. He did not pursue collateral attacks on the New Jersey conviction and sentence, presumably because he was returned to South Carolina for the parole violation. He now seeks habeas relief alleging "circumstances render state remedies ineffective".

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, (4th Cir., September 15, 1995)(*en banc*), *cert. denied, Nasim v.*

---

[1] The S.C. inmate database reveals this inmate was convicted for murder.

*Warden, Maryland House of Correction*, 516 U.S. 1177, (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the Section 2254 petition is subject to summary dismissal because the petitioner has not exhausted his state remedies. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).



The petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the above-captioned case should be dismissed because the petitioner has not exhausted his state remedies. With respect to his convictions and sentence, the petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241). Although the petitioner filed a direct appeal he did not file an application for post-conviction relief. As a result, the grounds raised in the § 2254 petition have not been considered and addressed by courts of the State of New Jersey.

The time in which a state prisoner may seek relief from a state court conviction through a

petition for writ of habeas corpus is determined by Congress: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court." 28 U.S.C.A. § 2244(d)(1). There are four time periods from which the one-year period can begin to run. The time period is calculated from the latest of:

> (1) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. §2244(d)(1).

Consequently, the earliest the one-year period would begin to run is when direct review of the state conviction is through or when the time to seek direct review has elapsed. 28 U.S.C.A. § 2244(d)(1)(A). If no petition for review is filed with the Supreme Court of the United States, the limitations period begins to run again when the time for filing a petition for review with the United States Supreme Court would expire - ninety (90) days. *See Harris v. Hutchinson*, 209 F. 3d 325, 328 n.1 (4th Cir. 2000).



The time period can be tolled, however, for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending" 28 U.S.C.A. § 2244(d)(2). The one-year period may also be equitably tolled in rare circumstances. *See Harris*, 209 F.3d @ 330.

Based on petitioner's allegations, he appears to be "within" the one year filing period as set

out in 28 U.S.C.A. § 2244(d)(1). The information provided on the petition reveals that the New Jersey Supreme Court denied petitioner's writ of *certiorari* on June 9, 2006. In addition, petitioner also appears to have a remedy under New Jersey law. *See State v. Franklin*, 184 N.J. 516, 878 A.2d 757 (2005)(granting post-conviction relief to prisoner challenging sentence enhancement under New Jersey's "Graves" Act). Should a New Jersey court decline to hear petitioner's application for post-conviction relief, he should not be prejudiced, since the statute of limitations is tolled while his application is pending. This would also be true for any appeal, if petitioner's application is denied.

Since the petitioner has a viable state court remedy which has not been fully utilized, the United States District Court for the District of South Carolina should not keep this case on its docket while the petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4, (4th Cir. 1993), *cert. denied*, 510 U.S. 1171, (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."



## **RECOMMENDATION**

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondents. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); and *Baker v. Marshall*, 1995 WL 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary

dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.

Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

March 27, 2007

***The petitioner's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).